UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**F I L E D**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Sept. 06 2022

JEFFREY P. ALLSTEADT, CLERK

In re:

RICHARD SHARIF,

        Respondent   Case No. 22-MP- 90001

        Debtor,     Bankr. Case No. 09-05868

               Judge: Jacqueline Cox

## NOTICE OF JOINT MOTION FOR LEAVE AND STAY PENDING APPEAL FROM ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO FILE MOTION TO RECUSE JUDGE JACQUELINE COX

PLEASE TAKE NOTICE that on <u>Tuesday, September 6, 2022, at 1:00 p.m.</u>, Haifa Sharifeh, Ragda Sharifeh and the Debtor, jointly, who will appear before the Honorable Judge Jacqueline Cox, or any judge sitting in her place, *pro se*, and present this <u>Motion for Leave to File Motion to Stay Pending Appeal</u> of this Court's September 1, 2022, Order Denying Leave to File Motion to Recuse and September 2, 2022, Order Denying Leave/Reconsideration of Order by Judge Jacqueline Cox, a copy of which is attached.

This Motion will be presented and heard electronically using Zoom for Government.

No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

To appear by video, (1) use this link: https://www.zoomgov.com/. (2) Enter the meeting ID **1612732896**. (3) Enter the passcode **778135**.

To appear by telephone, (1) call Zoom for Government at 1-669-254-5252 or 1-646- 828- 7666. (2) Enter the meeting ID **1612732896** and password **778135**.

When prompted identify yourself by stating your full name. To reach Judge Cox's web page go to www.ilnb.uscourts.gov and click on the tab for Judges.

If you object to this motion and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

Dated: September 6, 2022,

            Respectfully submitted,

            Haifa Sharifeh
            2004 N Pulaski Road
            Chicago, IL 60639

(773) 772-8876
hermosa_medical@yahoo.com
Ragda Sharifeh
2004 N Pulaski Road
Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com
Richard Sharif
2004 N Pulaski Road
Chicago, IL 60639
(773) 456-1531
rasheed@hotmail.com

**PROOF OF SERVICE**

I, Haifa Sharifeh, a creditor in this action, hereby certify that a true and complete copy of this Notice of Motion and Motion was served on September 6, 2022, on all counsels of record, by electronic means via the Court's CM/ECF system, To:

Bruce de'Medici
834 Forest Avenue
Oak Park, IL 60302
312-731-6778
bdemedici@gmail.com

Bradley Block
Law Offices of Bradley Block
318 West Adams Street, 17th Floor
Chicago, IL 60606
224-533-1075
224-533-1076 (fax)
Brad.block@bradblocklaw.com

Office of the United States Trustee               Horace Fox, Jr. Lehman & Fox
USTPRegion11.es.ecf@usdoj.gov                     horacefoxjunior@gmail.com

Peter C. Bastianen                                Michael Lee
Codilis and Associates                            Kelleher & Holland, LLC
bkpleadingsNORTHERN@il.cslegal.com                mlee@kelleherholland.com

Miriam G. Bahcall Greenberg Traurig
bahcallm@gtlaw.com

Michael R. Cedillos Greenberg Traurig,
LLP cedillosm@gtlaw.com

Naderh Elrabadi Santilli Law Group
nhe@santillilaw.com

Gina B. Krol
Cohen & Krol gkrol@cohenandkrol.com

Ean L. Kryska
ABM Industries, Inc. ean.kryska@abm.com

Garrett S. Reidy greidylaw@gmail.com

Ariel Weissberg
Weissberg & Associates, Ltd.
ariel@weissberglaw.com

Denise McCann Anderson & Assoc. PC
mccann@aandalaw.com

Art Newman
Arthur Newman Ltd. art@artnewman.com

Brendan Nelligan
Pretzel & Stouffer, Chtd.
bnelligan@pretzel-stouffer.com

/s/*Richard Sharif*

UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

Sept. 06 2022

JEFFREY P. ALLSTEADT, CLERK

In re:

RICHARD SHARIF,

                           Respondent

                           Debtor,

Case No. 22-MP- 90001

Bankr. Case No. 09-05868

Judge: Jacqueline Cox

**JOINT MOTION FOR LEAVE AND STAY PENDING APPEAL FROM ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION OF ORDER DENYING LEAVE TO FILE MOTION TO RECUSE JUDGE JACQUELINE COX**

Now comes Haifa Sharifeh, Ragda Sharifeh and the Debtor, jointly *pro se*, who move this Court for an order staying the Trustee's Motion for Sanction, pending an appeal from this Court Order denying Joint Filers' Motion for leave to file a Motion for Reconsideration of this Court's September 2, 2022, Order (Case No. 22-MP-90001, Doc 8), and September 1, 2022, Order (Case No.22-MP-90001) denying leave to file a Joint Motion to Recuse Judge Jacqueline Cox, on the basis set forth in the Motions for Leave and Motion to Recuse, and states the following:

**INTRODUCTION**

On August 29, 2022, the Trustee filed a Motion for Sanctions in this Court (Doc. 790), under Bankruptcy Case No. 09-B-05868, <u>against the Debtor and his two sisters, the creditors Ragda and Haifa Sharifeh, on the basis of their *pro se* response to the sale of their family house</u>.

On September 1, 2022, the creditors Haifa Sharifeh, Ragda Sharifeh and the Debtor, jointly *pro se*, moved this Court for an order granting leave to file a Motion to Recuse

4

Judge Jacqueline Cox, from the Trustee's pending August 29, 2022, Motion for Sanctions,

(Doc. 790) under the original Bankruptcy Case: No. 2009-B-05868.

On September 1, 2022, Judge Cox, about an hour after the Motion to Recuse was filed,

entered an Order, *sua sponte*, attached as **Exhibit A to the First Attachment hereto**, under

Case No. 22-MP-90001, denying the Motion for Leave to File a Motion to Recuse on the

basis that:

> Eleven years ago, on September 1, 2011 District Judge Kocoras affirmed this court's denial of a motion to recuse in related adversary proceeding 10 ap 2239. See Order Affirming Denial of recusal Motion. Adversary Case 10-ap-02239, Docket 62. He noted that adverse rulings are no grounds for recusal where judge is applying the law.

However, only the Debtor is involved in the Case No. 22-MP-90001, and his two sisters,

the creditors in Case No. 09-B-05868, are not a party to or have any involvement in Case

No. 22-MP-90001.

Nonetheless, on September 2, 2022, Haifa Sharifeh, Ragda Sharifeh and the Debtor,

jointly *pro se*, file a Motion for Leave seeking to have Judge Cox Reconsider her September

1, 2022, Order denying leave to file a Motion to Recuse, **see First Attachment hereto,** on

the basis that the eleven-year-old Kocoras' Order, attached hereto as **Exhibit B to the First**

**Attachment hereto**, did not bar the Motion to Recuse on either *res judicata* or *collateral*

*estoppel* basis.

The **First Attachment** hereto, the Motion for Leave/Reconsider, contain factual and

legal arguments that were not addressed by Judge Cox, who simply entered an order, <u>less</u>

<u>than an hour after the Motion for Leave/Reconsider was filed</u>, that stated:

> IT IS HEREBY ORDERED that the Joint Motion for Leave to file a Motion for Reconsideration of Order Denying Leave to File Motion to Recuse Judge Jacqueline Cox is DENIED. (Case No 22-MP-90001, Doc 8).

This September 2, 2022, Order by Judge Cox was filed under <u>Case No. 22-MP-90001</u>, although the Motion for Leave/Reconsideration was filed under the original bankruptcy <u>Case No. 09-B-05868</u>, where the Trustee's Motion for Sanctions is pending.

On the morning of September 6, 2022, Haifa Sharifeh, Ragda Sharifeh and the Debtor, jointly *pro se*, file with the *pro se* bankruptcy clerk via email an Notice of Appeal from said Order; the **<u>Second Attachment hereto</u>** is the Notice of Appeal from said Order (Case No. 22-MP-90001, Doc 8) and the Order Denying Leave to File Motion to Recuse, (Case No. 22-MP-90001, Doc 5), to the U.S. District Court for the Northern District of Illinois.

This Motion to Stay Pending Appeal, seeks to stay the pending Motion for Sanctions, pending appeal from this Court Order denying recusal.

Also, given that this Court just recently granted the withdraw of Haifa Sharifeh and Ragda Sharifeh's two attorneys, this Court should grant a stay for 30 days to find new counsel.

## <u>ARGUMENT</u>

**I.**     **The Attached Motion for Leave/Reconsideration, the First Attachment, and all its <u>Exhibits A-C</u>, contain arguments for granting this Motion to Stay Pending Appeal. The following are further arguments to maintain the status quo pending appeal.**

### A. <u>Success on the Merits</u>

On September 12, 2015, the Creditor Haifa Sharifeh, filed a Motion to Vacate an August 5, 2010, turnover order that seized its property, namely the Soad Wattar Revocable Living Trust, (Case 2009-B-05868, Doc. 194), on the basis that the bankruptcy court never had jurisdiction over the Estate or Haifa.  Judge Cox denied the motion and Judge Robert M. Dow Jr.'s September 28, 2017, Memorandum Opinion and Order (Case No. 10694, Doc. 58) remanded this case on appeal.

After the remand trial was completed, an Order Disposing of Remanded Issues was entered by Bankruptcy Court Judge Cox, (Case 2009-B-05868, Doc. 520) on December 21, 2018. However, while this appeal was pending before Judge Dow Jr., on June 19, 2019, Judge Cox entered an Amended Order Disposing of Remanded Issues. (Case 2009-B-05868, Doc. 566).

Due to the fact that Judge Cox had no jurisdiction to Amend the Order while it was on appeal, Judge Dow Jr., remanded the case a second time for Judge Cox to re-enter her Amended Order so that she can have jurisdiction to amend the Order, which is currently the Order before this Court on appeal. Given all these errors, it is extremely reasonable to be concerned about a risk of error in the bankruptcy court's ruling. Granting this Motion, to temporarily stay the sale of the subject house, will preserve this Court's ability to render a meaningful decision that will preserve the Sharif family's house.

In granting the Creditor, Haifa Sharifeh's appeal and remanding this case, would not have been made if the Appellant Haifa did not have a likelihood of success on a remanded trial. To be clear, the alter ego order of July 6, 2010, was entered on default not the merits. Since the merits of the validity of the Trust is not at issue, then there is no issue that Soad Wattar was the Settlor and after her death on March 17, 2010, the Trust became owned by the Estate of Soad Wattar on March 26, 2010, pursuant to the Syrian court probating the Second Will, dated April 28, 2007. Thus, before the bankruptcy court can enter the August 5, 2010, Turnover Order, seizing the Trust, it must first obtain personal jurisdiction over the owner of the Trust: the Estate of Soad Wattar or the Executrix Haifa Sharifeh. This was the main issue that Judge Dow Jr., remanded on appeal. What Haifa is challenging is the August 5, 2010, Turnover Order that seized her property without having

given her notice.

After the remand trial was held and an order disposing of the issue was render by Judge Cox and while said order was pending on appeal before this Court, Judge Cox *sua sponte* amended the order disposing of the remand hearing without having jurisdiction to do so because it was pending on appeal.

Judge Cox ruled that only two issues remanded for trial were whether the bankruptcy court had personal jurisdiction over the Estate or Soad Wattar by giving notice, to enter the August 5, 2010, Turnover Order and whether the Will argument was waived for not raising it in the lower court and the Will's validity. The third possible issue is the validity of the Soad Wattar Revocable Living Trust, which goes to the issue of whether the Estate is the owner of the Trust. The Bankruptcy court limited the hearing to only the first two above mentioned issues. Since the bankruptcy court did not believe the third issue, the validity of the Trust, was remanded and it was not litigated in the remand trial, then there is no issue as to whether the Trust was valid.

However, Judge Cox's Amended Order Disposing of the Remand Trail did raise the validity of the Trust and rendered a decision on it, while she prohibited Haifa from addressing the issue at the remand trial. This procedural error should support the fact that there is some likelihood of success on the merits.

## B.  <u>The Balance of Harm and Maintaining the Status Quo</u>

The balance of harm is in Haifa's favor in that "the harm [that Haifa] would suffer without a stay is greater than the harm that a stay would inflict on the [the Trustee]." Mich., 667 F.3d at 769. In addition, granting this preliminary injunction, which is actually a

temporary stay pending the pending appeal in this case, acts to maintain the status quo. *Doeskin Products,* 195 F.2d at, 358.

An important factor supporting this Motion to stay the sale of the subject house is that it maintains the status quo for all parties while the appeal is pending. *Id.* Generally, there are three purposes for granting a preliminary injunction: (1) maintaining the status quo, (2) preserving the court's ability to render a meaningful decision, and (3) minimizing the risk of error. *Lea B. Vaughn, A Need for Clarity: Toward a New Standard for Preliminary Injunction*, 68 OR. L. REV. 839, note 15, 849 (1989). A preliminary injunction also serves to protect the plaintiff from irreparable injury. See *Brown v. Chote*, 411 U.S. 452, 456 (1973). However, it is often stated that the primary purpose for granting a preliminary injunction motion is "to preserve the relative positions of the parties…." See *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (noting that this is a limited purpose).

The harm that Haifa will suffer is loss of her family's house, which money cannot replace, and thus there is no adequate remedy in law. Since the purchaser of the house cannot be compelled to sell the house back to the family, it is irreplaceable because it is unique. Thus, the irreparable harm to Ragda and her family will be permanent. On the other hand, the harm to the Trustee is insignificant. It can only be monetary harm which is not irreplaceable and a remedy in law is available.

Maintaining the status quo temporarily is in the benefit of all parties and it is a compelling factor to granting this preliminary injunction. The most valuable thing in the trust, which is in the bankruptcy estate, is the family house. Its value is not just a materialistic value it is emotionally valuable because it is the family's mother who

purchased the house, and it became the central place where all members of the family can live.

## C. **Minimizing the Risk of Error**

Minimizing the risk of error is another important factor to be considered. Given the history of this case and errors that have already been made, it is not difficult to conclude that there is a risk of another error. On February 9, 2009, the Debtor commenced this case by filing a chapter 7 bankruptcy petition (2009-B-05868). The creditor, Wellness International Network, filed an adversary complaint against Sharif alleging, *inter alia*, that the Revocable Living Trust of Soad Wattar ("trust") is Sharif's alter ego. The Debtor's in the bankruptcy case and in the adversary proceeding, but did not represent the trust or its owner, the Estate or its Executrix Haifa in the bankruptcy court. A default judgment was entered against the Debtor for failing to tender documents in discovery and the trust was ruled to be his alter ego on default. (Case No. 2009-B-05868, Doc. 195), which is the Bankruptcy Court Judge Cox's July 6, 2010, Order granting a default order on the basis of Debtor attorney's failure to produce trust documents.

The default order was appealed to the District Court and then to the Seventh Circuit, where the default judgment was vacated. Thereafter, the case was appealed to the U.S. Supreme Court, where the Seventh Circuit's decision was reversed on the basis that *Stern v. Marshall* is not a constitutional right, and it can be waived. *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

Now pending on appeal in the District Court is whether Judge Cox had jurisdiction over Haifa to enter the August 5, 2010, seizing the Estate of Soad Wattar's property. *Sharifeh v. Fox Jr.*, Case No. 18-cv-08508.

**WHEREFORE,** on the basis of the foregoing, it is respectfully requested that leave be granted to file this Motion for Leave and to file a Motion to Stay Pending Appeal, together with other relief this Court deems proper.

Dated: September 6, 2022,

Respectfully submitted,

Haifa Sharifeh
2004 N Pulaski Road
Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com

Ragda Sharifeh
2004 N Pulaski Road
Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com

Richard Sharif
2004 N Pulaski Road
Chicago, IL 60639
(773) 456-1531
rasheed@hotmail.com

# First Attachment
# Joint Motion for Leave/Reconsideration

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD SHARIF, | ) | Bankruptcy Case No. 09-B-05868 |
| Debtor, | ) | |
| | ) | |
| | ) | HON. JACQUELINE P. COX |
| | ) | Chapter 7 |

**NOTICE OF JOINT MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION OF ORDER DENYING LEAVE TO FILE MOTION
TO RECUSE JUDGE JACQUELINE COX**

PLEASE TAKE NOTICE that on <u>Tuesday, September 6, 2022, at 1:00 p.m.</u>, Haifa Sharifeh, Ragda Sharifeh and the Debtor, jointly, who will appear before the Honorable Judge Jacqueline Cox, or any judge sitting in her place, *pro se*, and present this Motion for Leave to File Motion for Reconsideration of this Court's September 1, 2022, Order Denying Leave to File Motion to Recuse Judge Jacqueline Cox, **Exhibit A**, a copy of which is attached.

This Motion will be presented and heard electronically using Zoom for Government.

No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

To appear by video, (1) use this link: https://www.zoomgov.com/. (2) Enter the meeting ID **1612732896**. (3) Enter the passcode **778135**.

To appear by telephone, (1) call Zoom for Government at 1-669-254-5252 or 1-646- 828-7666. (2) Enter the meeting ID **1612732896** and password **778135**.

When prompted identify yourself by stating your full name. To reach Judge Cox's web page go to www.ilnb.uscourts.gov and click on the tab for Judges.

If you object to this motion and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

Dated: September 2, 2022,

Respectfully submitted,

Haifa Sharifeh
2004 N Pulaski Road
Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com

Ragda Sharifeh
2004 N Pulaski Road

1

Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com

Richard Sharif
2004 N Pulaski Road
Chicago, IL 60639
(773) 456-1531
rasheed@hotmail.com

## PROOF OF SERVICE

I, Haifa Sharifeh, a creditor in this action, hereby certify that a true and complete copy of this Notice of Motion and Motion was served on September 2, 2022, on all counsels of record, by electronic means via the Court's CM/ECF system, To:

Bruce de'Medici
834 Forest Avenue
Oak Park, IL 60302
312-731-6778
bdemedici@gmail.com

Bradley Block
Law Offices of Bradley Block
318 West Adams Street, 17th Floor
Chicago, IL 60606
224-533-1075
224-533-1076 (fax)
Brad.block@bradblocklaw.com

Office of the United States Trustee            Horace Fox, Jr. Lehman & Fox
USTPRegion11.es.ecf@usdoj.gov                  horacefoxjunior@gmail.com

Peter C. Bastianen                             Michael Lee
Codilis and Associates                         Kelleher & Holland, LLC
bkpleadingsNORTHERN@il.cslegal.com             mlee@kelleherholland.com

Miriam G. Bahcall Greenberg Traurig            Michael R. Cedillos Greenberg Traurig,
bahcallm@gtlaw.com                             LLP cedillosm@gtlaw.com

Naderh Elrabadi Santilli Law Group
nhe@santillilaw.com

Gina B. Krol
Cohen & Krol gkrol@cohenandkrol.com

Ean L. Kryska
ABM Industries, Inc. ean.kryska@abm.com

Garrett S. Reidy greidylaw@gmail.com

Ariel Weissberg
Weissberg & Associates, Ltd.
ariel@weissberglaw.com

Denise McCann Anderson & Assoc. PC
mccann@aandalaw.com

Art Newman
Arthur Newman Ltd. art@artnewman.com

Brendan Nelligan
Pretzel & Stouffer, Chtd.
bnelligan@pretzel-stouffer.com

/s/*Richard Sharif*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD SHARIF, | ) | Bankruptcy Case No. 09-B-05868 |
| Debtor, | ) | |
| | ) | |
| | ) | HON. JACQUELINE COX |
| | ) | Chapter 7 |

**JOINT MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**
**OF ORDER DENYING LEAVE TO FILE MOTION**
**TO RECUSE JUDGE JACQUELINE COX**

Now comes Haifa Sharifeh, Ragda Sharifeh and the Debtor, jointly *pro se*, who move this Court for an order granting leave to file a Motion for Reconsideration of this Court's September 1, 2022, Order denying leave to file a Joint Motion to Recuse Judge Jacqueline Cox, on the basis that neither *res judicate* nor *collateral estoppel* bar the Motion to Recuse, and states the following:

## INTRODUCTION

On September 1, 2022, two creditors Haifa Sharifeh, Ragda Sharifeh and the Debtor, jointly *pro se*, moved this Court for an order granting leave to file a Motion to Recuse Judge Jacqueline Cox, from the Trustee's pending August 29, 2022, Motion for Sanctions, (Doc. 790) under the original Bankruptcy Case: No. 2009-B-05868.

On September 1, 2022, Judge Cox entered an Order, *sua sponte*, attached hereto as

**Exhibit A**, denying the Motion for Leave to File a Motion to Recuse on the basis that:

> Eleven years ago, on September 1, 2011 District Judge Kocoras affirmed this court's denial of a motion to recuse in related adversary proceeding 10 ap 2239. See Order Affirming Denial of recusal Motion. Adversary Case 10-ap-02239, Docket 62. He noted that adverse rulings are no grounds for recusal where judge is applying the law.

This Motion seeks to have this Court Reconsider its September 1, 2022, Order denying leave to file a Motion to Recuse, **Exhibit A**, on the basis that the eleven-year-old Kocoras'

4

Order, attached hereto as **Exhibit B**, that denied Debtor's sister, Ragda Sharifeh's, appeal

from Judge Cox's 2010, order denying Ragda's 2010, Motion to Recuse.  This Motion to

Reconsider should be granted for the following reasons:

(1) the eleven-year-old-order, **Exhibit B**, is not applicable in this case to bar a Motion

to Recuse, under either *res judicata* or *collateral estoppel,* because the parties are different,

in that the prior order dealt with Ragda Sharifeh and the current party in this case is Haifa

Sharifeh, and the issues are different;

(2) the basis for the motion to recuse are different and they occurred after Kocoras

entered his Order; in that the prior order dealt with recusal based on Judge Cox's statement

during an August 4, 2010, hearing that showed "deep-seated favoritism and antagonism,"

see **Exhibit B**, last paragraph. In this case, the basis of the Motion to Recuse is a proceeding

pending before the Executive Committee, *In Re: Richard Sharif*, Case No. 22-cv-01950,

where it is alleged that the Trustee, in collusion with Judge Cox, attempted extortion

against Haifa, her sister and brother, and an action pending before District Court Judge

Ellis, *Sharif v. Cox et al.*, Case No. 22-cv-03172, where Haifa's brother, the Debtor, is

suing the Trustee and Judge Cox.

## ARGUMENT

    **I.**       **The 2011 Judge Kocoras' Order, Exhibit B, is not applicable to bar current Motion to Recuse on either *res judicata* or *collateral estoppel.***

### A.  Res Judicata is Not Applicable

Judge Cox believes that she can deny leave to file a Joint Motion to Recuse by the

Creditor Haifa Sharifeh, her sister and Creditor, Ragda Sharifeh, and the Debtor, on the

basis of a 2011 Order by Judge Kocoras that affirmed an appeal from a prior denial of

Ragda Sharifeh's 2010 Motion to Recuse, **Exhibit B**.  The only possible legal basis for this

denial that barred the attached September 1, 2022, Motion to Recuse, **Exhibit C**, are *res judicata* or *collateral estoppel*.

"The doctrine of res judicata bars the refiling of an action previously adjudicated on the merits when the action is directed against the same parties and involves the same claims." DeLuna v. Treister, 708 N.E.2d 340, 344 (Ill. 1999) (citing Rein v. David A. Noyes & Co., 665 N.E.2d 1199, 1204 (Ill. 1996)). "Res judicata promotes judicial economy by preventing repetitive litigation and [additionally] protects parties from being forced to bear the unjust burden of relitigating essentially the same case." Piagentini v. Ford Motor Co., 901 N.E.2d 986, 990–91 (Ill. App. Ct. 2009) (quoting Arvia v. Madigan, 809 N.E.2d 88, 97 (Ill. 2004) (alteration in original)).

There are three requirements for res judicata in Illinois: "(1) a final judgment on the merits ... entered in the first lawsuit by a court of competent jurisdiction; (2) an identity of causes of action exists; (3) the parties or their privies are identical in both lawsuits." DeLuna, 708 N.E.2d at 344. "The requirement of a final order or judgment is a 'critical' component in showing the applicability of res judicata." Richter, 2016 IL 119518 at ¶ 22 (citing *Hernandez v. Pritikin,* 2012 IL 113054, ¶ 41). And the Supreme Court of Illinois has explained that "default judgments are always *res judicata* on the ultimate claim or demand presented in the complaint." Hous. Auth. for *La Salle Cty. v. Young Men's Christian Ass'n of Ottawa*, 461 N.E.2d 959, 963 (Ill. 1984).

Illinois courts have applied *res judicata* broadly. "The doc- trine extends not only to what was actually decided in the original action, but also to matters which could have been decided in that suit." *Doe v. Gleicher*, 911 N.E.2d 532, 537 (Ill. App. Ct. 2009) (quoting Rein,665 N.E.2d at 1204). However, "[e]quity dictates that the doctrine of res judicata will

6

not be technically applied if to do so would create inequitable and unjust results. [It] should not be applied ... where it would be fundamentally unfair to do so ... [and] should only be applied as fairness and justice require." *Piagentini*, 901 N.E.2d at 990– 91 (citations and quotations omitted). "Although it is recommended that the doctrine receive a liberal construction and should be applied without technical restrictions, it has also been recommended that the doctrine should not be applied so rigidly as to defeat the ends of justice." Fed. Signal Corp. v. SLC Techs., Inc., 743 N.E.2d 1066, 1077 (Ill. App. Ct. 2001) (quoting *Thornton v. Williams*, 412 N.E.2d 157, 159 (Ill. App. Ct. 1980)).

In this case, *res judicata* does not apply because the parties are different, *inter alia*. The Creditor Haifa Sharifeh was not involved in this action in 2011.  Haifa first appeared in in this matter in September of 2015, to file a motion to vacate the default judgment that seized her property on the basis that this Court did not have personal jurisdiction over her. Judge Cox denied Haifa's Motion, as she has consistently ruled against the Sharif family since 2009, but on appeal Judge Robert Dow Jr. reversed Judge Cox. See **Exhibit C**, Motion to Recuse, Exhibit #1, Section II, "The thirteen-year history of this case and where Richard Sharif and his family won several appeals in the District Court and in the Seventh Circuit."

Based on the above law describing *res judicata*, the fact that the parties are different, this Court must reconsider its September 1, 2022, Order and grant leave to file the attached Motion to Recuse, **Exhibit C**.  There is no need to proceed to discuss *collateral estoppel* because there is no issue preclusion*,* but even if the parties were the same, the issues that require the recusal are different and they did not exist in 2011.

## B.  Collateral Estoppel is Not Applicable

*Collateral estoppel*, also called issue preclusion, has four essential elements to decide if issue preclusion applies are: 1) the former order or judgment must be valid and final; 2) the same issue is being brought; 3) the issue is essential to the judgement; 4) the issue was actually litigated.

The difference from *res judicata*, which is claim preclusion that bars the relitigating of all issues of a claim, collateral estoppel, or issue preclusion, bars only relitigating of the issues that are actually litigated. This gives issue preclusion a much longer arm to reach than claim preclusion. For example, if the plaintiff brought claim A in case 1, and claim B in case 2, *res judicata* would not prohibit the litigation of claim B. But if claim B contains a same issue that has been actually litigated in case 1, issue preclusion can prohibit this issue being relitigated. *Little v. Blue Goose Motor Coach Co.*, 346 Ill. 266, 178 N.E. 496 (Ill. 1931).

In this case, as Judge Kocoras '2011 Order explains, the 2010 Motion to Recuse was based on Judge Cox's statements, during an August 4, 2010, hearing that showed "deep-seated favoritism and antagonism," see **Exhibit B**, last paragraph.  The issue in the 2010 Motion to Recuse is far different that three (3) issues for recusal shown in the currently proposed Motion to Recuse, **Exhibit C**, which are the following:

**The first basis** for the Motion to Recuse is a proceeding pending before the District Court's Executive Committee, *In Re: Richard Sharif*, Case No. 22-cv-01950, where it is alleged that the Trustee, in collusion with Judge Cox, attempted extortion against Haifa, her sister Ragda and her brother, the Debtor, by using the pending August 29, 2022, Motion for Sanction (Doc. 790) and to bring criminal charges as a threat, in exchange for the

withdrawal of all Sharif's family pending appeals and lawsuits. See Motion to Restrict, which is Haifa's Exhibit #1, to **Exhibit C** attached hereto.

**The second basis** for recusal is the June 16, 2022, Executive Committee's Order that allowed the Debtor to file a Verified Complaint against Judge Cox, see Exhibit A attached to Haifa's Exhibit #1, which is **Exhibit C** hereto. The filed Verified Complaint against Judge Cox is shown as Exhibit B, to Haifa's Exhibit #1, which is **Exhibit C** hereto.

**The third basis** for recusal is a pending action before District Court Judge Ellis, *Sharif v. Cox et al.*, Case No. 22-cv-03172, where Haifa's brother, the Debtor, is suing the Trustee and Judge Cox, *Sharif v. Cox et al.*, 22-cv-03172, and where Judge Cox has used her official power to avoid service of process by using U.S. Marshalls to throw a professional licensed process server outside the courthouse, see Exhibit E**,** attached to Haifa's Exhibit #1, an "Affidavit of Non-Service," which is **Exhibit C** attached hereto.

Not only are the parties different, but also the issues are different. Thus, neither *res judicata* nor *collateral estoppel* are applicable to bar the attached Motion to Recuse, **Exhibit C**.

**WHEREFORE,** on the basis of the foregoing, it is respectfully requested that leave be granted file the attached Motion to Recusing Judge Jacqueline Cox, **Exhibit C**, together with other relief this Court deems proper.

Dated: September 2, 2022,

Respectfully submitted,

Haifa Sharifeh
2004 N Pulaski Road
Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com

Ragda Sharifeh
2004 N Pulaski Road
Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com

Richard Sharif
2004 N Pulaski Road
Chicago, IL 60639
(773) 456-1531
rasheed@hotmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD SHARIF, | ) | Bankruptcy Case No. 09-B-05868 |
| Debtor, | ) | |
| | ) | |
| | ) | HON. JACQUELINE P. COX |
| | ) | Chapter 7 |

**ORDER GRANTING MOTION FOR RECONSIDERATION OF ORDER**
**DENYING LEAVE TO FILE MOTION TO RECUSE**

This matter coming before this Court on Haifa Sharifeh, Ragda Sharifeh and the

Debtor, jointly *pro se*, Motion for Reconsideration of Order Denying Leave to File Motion

to Recuse Judge Jacqueline Cox.

Upon the Court being fully advised, it is now ORDERED that the Motion be and

is hereby GRANTED.

Judge Jacqueline Cox is hereby recused from this case.


Dated: _____


                                          ENTERED:


                                          _____
                                          Judge Jacqueline Cox

Prepared By:

Haifa Sharifeh
2004 N Pulaski Road
Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com

# <u>Motion for Reconsideration Exhibit A</u>

## Judge Cox's September 1, 2022
## Denying Leave to File Motion to Recuse

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| **Honorable** | Jacqueline P. Cox | **Hearing Date** | September 1, 2022 |
| **Bankruptcy Case No.** | 22 MP 90001 | **Adversary No.** | |
| **Title of Case** | Richard Sharif | | |
| **Brief Statement of Motion** | Motion to Recuse | | |
| **Names and Addresses of moving counsel** | | | |
| **Representing** | | | |

# ORDER

**IT IS HEREBY ORDERED**: Leave to file a Motion to Recuse is DENIED.

Eleven years ago on September 1, 2011 District Judge Kocoras affirmed this court's denial of a

motion to recuse in related adversary proceeding 10 ap 2239. See Order Affirming Denial of

recusal Motion. Adversary Case 10-ap-02239, Docket 62. He noted that adverse rulings

are no grounds for recusal where judge is applying the law

_Jacqueline P. Cox_

Jacqueline P. Cox
United States Bankruptcy Judge

## <u>Motion for Reconsideration Exhibit B</u>

## Judge Kocoras 2011 Order
## Affirming Denial of 2010 Motion to Recuse

Order Form (01/2005)

## United States District Court, Northern District of Illinois

10 A 02239

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 438 | **DATE** | March 3, 2011 |
| **CASE TITLE** | In Re: Richard Sharif | | |

DOCKET ENTRY TEXT

The December 6, 2010 order by the Bankruptcy Court is hereby affirmed. All matters in controversy having been resolved, final judgment is entered.

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
SEP 0 1 2011
KENNETH S. GARDNER, CLERK
OP A

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

---

### ORDER

This matter comes before the court on appeal from the bankruptcy court's December 6, 2010 order denying a motion to recuse itself. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). For the reasons set forth below, the bankruptcy court's order is affirmed.

The following summary is taken from the briefs filed by the appellant in this matter. On November 3, 2010, plaintiff-appellant Ragda Sharifeh ("Sharifeh"), in her capacity as the successor trustee and successor beneficiary of the Soad Wattar Trust (the "Soad Wattar Trust"), commenced an adversary proceeding against her brother and former trustee of the Soad Wattar Trust, Richard Sharif ("Sharif"). *In re Richard Sharif*, No. 10-02239 (Bankr. N.D. Ill. filed Nov. 3, 2010). In her complaint, Sharifeh seeks injunctive relief, declaratory judgment, and recovery of money and property from the Soad Watter Trust.

During an August 4, 2010 hearing on a distinct but closely related adversary proceeding likewise against Sharif, the Honorable Jacqueline P. Cox, assuming that Sharif and/or Sharifeh could have committed criminal violations, indicated that she would refer the matter to the United States attorney's office for investigation. Specifically, the bankruptcy judge made the following statement: "[...] I will refer this matter to Mr. Fitzgerald for prosecution." On the basis of the statement, Sharifeh moved to recuse Judge Cox in her own proceeding. On December 6, 2010, the bankruptcy court denied the motion to recuse. Sharifeh is now appealing the bankruptcy court's December 6, 2010 order.

Pursuant to 28 U.S.C. § 455(b)(1), a federal judge must disqualify himself from a proceeding, "[w]here he has a personal bias or prejudice concerning a party[.]" In assessing personal bias or prejudice, our inquiry is whether a reasonable person would be convinced the judge was biased. *Grove Fresh Distribs., Inc., v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002). Any bias must be proven by compelling evidence. *Id.* The mere

---

11C438 In Re: Richard Sharif

## ORDER

fact that a judge forms a negative opinion of a litigant during the course of a proceeding does not, by itself, constitute bias. *In re Huntington Commons Assocs.*, 21 F.3d 157, 158 (7th Cir. 1994) (quoting *Liteky v. U.S.*, 510 U.S. 540, 555-56 (1994)). "Unless those opinions 'display a deep-seated favoritism or antagonism that would make fair judgment impossible,' a judge does not run afoul of §455(b)." *U.S. v. Diekemper*, 604 F.3d 345, 352 (7th Cir. 2010).

      Sharifeh's claim of personal bias or prejudice is rooted in Judge Cox's statement, made during the August 4, 2010 hearing, that she would refer the matter to the United States attorney's office. Sharifeh contends that by making this statement the bankruptcy court assumed the role of prosecutor and displayed a deep-seated favoritism and antagonism that would make fair judgment impossible. "Any judge ... having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors ... has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed[.]" 18 U.S.C. § 3057(a). In the December 6, 2010 order, the bankruptcy court noted that the record disclosed Sharifeh's repeated failures to comply with discovery requests. The transcript of the August 4, 2010 hearing also reflects that counsels for the parties suggested to the court that Sharif and/or Sharifeh might be syphoning assets out of the Soad Wattar Trust. Based on the record before us, we believe that Sharifeh has not offered sufficient evidence demonstrating how the bankruptcy court's actions, in following the statutory prescriptions under 18 U.S.C. § 3057(a), could reflect deep-seated favoritism that would make fair judgment impossible. *In re Sherwin-Williams Co.*, 607 F.3d 474, 478 (7th Cir. 2010) (denying motion for recusal based on judge's obligation to apply the law). We conclude that no reasonable person could perceive a risk of bias in the bankruptcy court's decision to refer the matter to the United States' attorney. Accordingly, the December 6, 2010 order is affirmed.

Dated:  **March 3, 2011**

                                               *Charles P. Kocoras*
                                      **CHARLES P. KOCORAS**
                                      **U.S. District Court Judge**

# Motion for Reconsideration Exhibit C

# September 1, 2022, Joint Motion to Recuse

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

RICHARD SHARIF,         )     Bankruptcy Case No. 09-B-05868
      Debtor,         )
                       )
                       )     HON. JACQUELINE COX
                       )     Chapter 7

## JOINT MOTION
## TO RECUSE JUDGE JACQUELINE COX

Now comes Haifa Sharifeh, Ragda Sharifeh and the Debtor, jointly *pro se*, who move this Court for an order recusing Judge Jacqueline Cox, on the basis of the factual and legal basis stated herein, and states the following:

### INTRODUCTION

On August 9, 2022, Trustee's Motion to Sell the Sharif family House (Doc. 730), was granted by Opinion and Order dated, August 9, 2022, (Doc. 748). <u>Haifa Sharifeh, Ragda Sharifeh and the Debtor responded to the sale of their family house with Objections</u> by the Debtor herein, Richard Sharif (Doc. 736), the Creditor Haifa Sharifeh (Doc. 734) and her sister the Creditor Ragda Sharifeh (Doc. 735).

On August 8, 2022, the Trustee had filed a Motion (Doc. 746) to Amend the Proposed Order to Sell the subject house and thereafter, on August 9, 2022, the Trustee filed an Emergency Motion (Doc. 749) to Amend the Order the Bankruptcy Court entered to Sell the subject house and clear all liens (Doc. 748), both Motions were scheduled for August 11, 2022, where the Debtor and his two sisters, creditors Ragda and Haifa Sharifeh filed Notice of Objections (Doc. 753, 754, 755).

Also, on August 10, 2022, the Debtor and his two sisters, creditors Ragda and Haifa Sharifeh, each filed via email with the Bankruptcy Court's pro se clerk a Notice of Appeal from the Court's August 9, 2022, Opinion and Order (Doc. 748) to Sell their House.

On Thursday August 11, 2022, the Debtor and his two sisters, each filed Motion to Stay the Order to sell their family house, pending Appeal, because the sale, or the closing date was August 15, 2022, the following Monday.  Otherwise, the appeals they filed would become moot.  Judge Cox denied all the Motions.

On August 29, 2022, the Trustee filed a Motion for Sanctions in this Court (Doc. 790) against the Debtor and his two sisters, the creditors Ragda and Haifa Sharifeh, on the basis of their *pro se* response to the sale of their family house.

This Motion seeks to recuse the presiding Judge Jacqueline Cox, on the basis of the legal and factual reasons stated below.

## ARGUMENT

### I.      The Legal Basis for Recusing Judge Cox.

The relevant applicable statute is: 28 U.S.C. § 455(a) & (b), which deals not only with actual conflict of interest, where there is a lack of impartiality, but also with the appearance of a lack of impartiality. Section 455 not only may be invoked by motion, but also requires judges to recuse *sua sponte* where appropriate.  Section 455(a) & (b) state:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Judges should keep in mind that Sections 455(a) and (b) provide separate (though substantially overlapping) bases for recusal. The former deals exclusively with the appearance of partiality in any circumstance, whereas the latter pertains to conflicts of interest in specific instances. Thus, the existence of the facts listed in section 455(b) requires recusal, even if the judge believes they do not create an appearance of impropriety. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988). Any circumstance in which a judge's impartiality might reasonably be questioned, whether or not touched on in section 455(b), requires recusal under section 455(a). *Id.* The standard for determining disqualification is "whether a reasonable person would be convinced the judge was biased." *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000) (citing *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)).

In this case, any reasonable person would view Judge Cox as lacking impartiality. Attached hereto as **Haifa's Exhibit #1**, which is a Motion to Restrict Judge Cox from presiding on a proposed motion for sanction before the District Court's Executive Committee. Attached to said Motion to Restrict as Exhibit B is Debtor's Verified Complaint, which presents evidence of Judge Cox's bias, vindictiveness, malicious and illegitimate rulings against the Sharif family. Regardless of whether a presiding judge believes she there is no conflict of interest, it simply cannot be denied from the facts described in this Motion to Recuse that the *appearance* of a conflict of interest and lack of impartiality or where at the very least, "impartiality might reasonably be questioned" which invokes § 455(a). Nonetheless, with respect to § 455(a), it would defy common sense and basic logic to believe that there will not be an actual conflict of interest with Judge Cox, much less an apparent one.

The Debtor and his sisters simply seeking to litigate this Motion for Sanctions with a neutral decisionmaker.  Given the facts in this case, no reasonable person will believe that Judge Cox can be a neutral decisionmaker. Particularly, given the allegations in the Verified Complaint concerning her wrongful conduct, shown as <u>Exhibit B</u> to **<u>Haifa's Exhibit #1</u>**.  The U.S. Supreme Court said in *Hamdi v. Rumsfeld,* 542 U.S. 507, 532–33 (2004), that a party must be given:

> a fair opportunity to rebut the Government's factual assertions before a *neutral decisionmaker*. See *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property `be preceded by notice and opportunity for hearing appropriate to the nature of the case'" (quoting *Mullane v. Central Hanover Bank Trust Co.*, 339 U.S. 306, 313(1950))); *Concrete Pipe Products of Col., Inc. v. Construction Laborers Pension Trust for Southern Cat*, 508 U.S. 602, 617 (1993) ("due process requires a `neutral and detached judge in the first instance'" (quoting *Ward v. Monroeville*, 409 U.S. 57, 61-62 (1972))).

Even if the Trustee Fox and Judge Cox believe that there will be no actual bias or partiality, then the appearance of lack of impartiality or bias is sufficient to prohibit Judge Cox from presiding over the Sharif family on this Motion for Sanctions.  In any circumstance in which a judge's impartiality might reasonably be questioned, whether it is actual or apparent, requires recusal under 28 U.S.C. § 455(a) or (b). *Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847, 860 n.8 (1988).  The standard for disqualification is "whether a reasonable person would be convinced the judge was biased." *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000) (citing *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)).  In this case, the decisionmaker, at the very least, cannot appear to be neutral because Judge Cox is being sued by the parties who she will be making a decision on.

## II.    Factual Basis to Recuse Judge Cox

On June 16, 2022, this District Court's Executive Committee entered an order,  see Exhibit A attached to **Haifa's Exhibit #1**, which allowed the Debtor herein to file a Verified Complaint against Bankruptcy Court Judge Jacqueline Cox, see Exhibit B,  to **Haifa's Exhibit #1**, which is the filed Verified Complaint against Judge Cox.

In July and August two process servers made many attempts to serve the Summons and Verified Complaint on Judge Cox, at her residence in Chicago. Two Affidavits of Attempted Service were filed in that action where District Court Judge Ellis is currently presiding.

Judge Cox resides in a location where a visitor is visible at the front gate of the house where the occupant can see and ignore any visitor they wish.  Thereafter a professional process server company was retained and its agent attempted to serve Judge Cox at her workplace in the U.S. District Courthouse in Chicago.  Judge Cox had U.S. Marshalls throw the process server outside the courthouse. See Exhibit E**,** attached to **Haifa's Exhibit #1**, an "Affidavit of Non-Service."

In a prior action against Judge Cox, a licensed process server was unable to serve Judge Cox within time prescribed by Federal Rule of Civil Procedure 4(m).  *Sharif v. Cox et al.,* Case No. 21-cv-05221.  Judge Ellis dismissed the Complaint in that prior action, despite several attempts to serve Judge Cox, but she never answered her door to any of the process servers.  She was aware of the pending action against her because her co-conspirator, Trustee Fox Jr., in Case No. 21-cv-05221, had been served with the prior action.

Judge Cox is aware of the current pending action against her, *Sharif v. Cox et al.*, 22-cv-03172, and has been avoiding service or process, as evident by the two Affidavit of

Service submitted to Judge Ellis and the fact she had the U.S. Marshalls throw, a professional licensed process server, outside the courthouse.

On August 17, 2022, in an open court hearing before Judge Ellis, the Debtor argued his Motion for Alternative service of process on Judge Cox, on the basis of that Judge Cox was avoiding service as evident by the Affidavits of Attempted Service submitted in the currently pending action, *Sharif v. Cox et al.*, 22-cv-03172, and in the prior action, Case No. 21-cv-05221, well as of the fact that Judge Cox had the U.S. Marshalls throw a professional licensed process server outside the courthouse, see <u>Exhibit E</u>**,** attached to **<u>Haifa's Exhibit #1</u>**, an Affidavit of Non-Service.

Judge Ellis instructed the Debtor herein, on the record, in open court during  the August 17, 2022, hearing, to serve Judge Cox by placing the Summons and Complaint in an envelope and giving it to her clerk.  The Debtor complied with Judge Ellis and served Judge Cox's clerk and now there is a lawsuit pending against Judge Cox, which is shown as <u>Exhibit B</u>**,** attached to **<u>Haifa's Exhibit #1</u>**.  This fact, plus the allegations in the Verified Complaint, is more than sufficient to require Judge Cox to recuse herself based on the above cited law for actual prejudice and the appearance of prejudice.

> **III.    In addition to the Action Pending before Judge Ellis, the Proceeding Pending Before the Executive Committee is also Sufficient to require Judge Cox to Recuse herself.**

Currently, in the Executive Committee there is a Motion to Restrict Judge Cox from presiding over this Motion for Sanctions, see **<u>Haifa's Exhibit #1</u>**.  Attached hereto as **<u>Haifa's Exhibit #2</u>** is the Trustee's Motion to Intervene.  **<u>Haifa's Exhibit #3</u>** is a Response to the Trustee's Motion.  The matter that is currently pending before the Executive Committee, *In Re: Richard Sharif,* Case No. 2022-cv-01950, which also contains further

evidence of Judge Cox's collusion with Trustee Fox Jr., as well as her bias, vindictiveness, malicious and illegitimate rulings against the Sharif family.  On that basis alone, whether or not the Motion to Restrict is granted, Judge Cox should recuse herself because she has caused more than enough problems in this 13-year-old case that is expected to last for years more.

**WHEREFORE,** on the basis of the foregoing, it is respectfully requested that an order recusing Judge Jacqueline Cox from this case be entered, together with other relief this Court deems proper.

Dated: September 1, 2022,

Respectfully submitted,

Haifa Sharifeh
2004 N Pulaski Road
Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com

Ragda Sharifeh
2004 N Pulaski Road
Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com

Richard Sharif
2004 N Pulaski Road
Chicago, IL 60639
(773) 456-1531
rasheed@hotmail.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD SHARIF, | ) | Bankruptcy Case No. 09-B-05868 |
| Debtor, | ) | |
| | ) | |
| | ) | HON. JACQUELINE P. COX |
| | ) | Chapter 7 |

**ORDER GRANTING MOTION TO RECUSE**

This matter coming before this Court on Haifa Sharifeh, Ragda Sharifeh and the

Debtor, jointly *pro se*, Motion to Recuse Judge Jacqueline Cox.

Upon the Court being fully advised, it is now ORDERED that the motion be and

is hereby GRANTED.

Judge Jacqueline Cox is hereby recused from this case.

Dated: _____

ENTERED:

_____
Judge Jacqueline Cox

Prepared By:

Haifa Sharifeh
2004 N Pulaski Road
Chicago, IL 60639
(773) 772-8876
hermosa_medical@yahoo.com

# Haifa's Exhibit #1

# Motion to Restrict Before the Executive Committee

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

In the Matter of

    Richard Sharif,

                Respondent.

                                     Civil Action No. 22 CV 01950

                                     Executive Committee

_____

## <u>MOTION TO RESTRICT BANKRUPTCY COURT JUDGE COX<br>FROM PRESIDING OVER A PROPOSED MOTION FOR SANCTIONS AND FOR<br>SANCTIONS AGAINST BANKRUPTCY COURT TRUSTEE HORACE FOX JR.</u>

NOW COMES the Respondent, Richard Sharif, *pro se,* who moves this Executive Committee for an order restricting bankruptcy court Judge Jacqueline Cox from presiding over a Proposed Motion for Sanctions against Respondent Richard Sharif and his two sisters, and to sanction Bankruptcy Trustee Horace Fox Jr., and states the following:

When Richard Sharif first started his *pro se* litigation in 2019, Judge Blakey referred him to the Hibbler's *pro se* litigation Office in this courthouse, where two male attorneys and one female attorney assisted Sharif with his *pro se* litigation. Richard Sharif continues to receive a great deal of legal advice from these attorneys at various times, as well as from Google and Cornell Law website.

### <u>INTRODUCTION</u>

On June 16, 2022, this Committee entered an order (Doc. 1), **Exhibit A** attached hereto, allowing Respondent Richard Sharif to file a Verified Complaint against Bankruptcy Court Judge Jacqueline Cox, **Exhibit B** is the Verified Complaint that was filed.

On August 9, 2022, Judge Cox granted the Bankruptcy Trustee Horace Fox Jr., ("Fox") Motion to Sell a House belonging to Richard Sharif's family (*In re: Richard Sharif, Debtor*, Case No. 09-

Case 22-90001   Doc 11   Filed 09/06/22   Entered 09/06/22 12:28:53   Desc Main
Document    Page 40 of 64

B-05868; Doc. 748) over the Objections of Richard Sharif, (Case No. 09-B-05868; Doc. 736), his

sister and Creditor Haifa Sharifeh ("Haifa")(Case No. 09-B-05868; Doc. 734), as well as her sister

and Creditor Ragda Sharifeh ("Ragda")(Case No. 09-B-05868; Doc. 735).

On August 9, 2022, out of desperation to save the family's house, Ragda filed a Motion to

purchase the subject house for a higher price than the proposed price by the Trustee Fox (Doc.

752). The Motion was denied at the Thursday, August 11, 2022, hearing.  The closing of the house

was scheduled for the following Monday, August 15, 2022.  Again, out of desperation to save their

family's house, Richard and his sisters filed Notice of Appeals and Motions to Stay Pending

Appeal, all of which were unsuccessful.  On August 15, 2022, the house was sold.

On August 18, 2022, the Bankruptcy Trustee Fox emailed the attached proposed Motion for

Sanctions, **Exhibit C**, against Richard, Haifa and Ragda, which Fox intends to file before Judge

Cox, if they do not withdraw all their pending appeals and lawsuit against Trustee Fox and Judge

Cox, in the District Court and in the Seventh Circuit, related to this bankruptcy matter.

**Exhibit D**, is an August 22, 2022, copy of an email exchange between Richard Sharif and

Fox's counsel confirming the threat to file the Motion for Sanction before Judge Cox, as well as

bring criminal charges against Ragda for taking $122,000.00 from the bankruptcy estate in 2012,

if the entire Sharif family does not withdraw their appeals and lawsuit against Judge Cox and

Trustee Fox.

**Over the thirteen-year history of this case, Richard Sharif and his family won several**

**appeals in the District Court and the Seventh Circuit, <u>see Section II below</u>.  This would not**

**have been possible if this case was frivolous as the Trustee Fox and Judge Cox have been**

**claiming.**

Ultimately, Judge Cox, on July 26, 2010, entered a default order seizing all of the Sharif

family's life savings of over two (2) million dollars and their family house because, Judge Cox believed that this was the appropriate remedy for Richard Sharif's bankruptcy attorney's failure to producing certain documents at a May 24, 2010, hearing.

Judge Cox came to the Bankruptcy Court from the Cook County Traffic Circuit Court, with a clerk who was a friend and who Judge Cox approved for hiring as her clerk: **this clerk is currently sitting in federal prison for taking bribes while clerking for Judge Cox**. See **Exhibit B**.

Moreover, the Seventh Circuit described in two separate decisions in 1985 and 1995, that Cook County Circuit Court is the most corrupt in the nation.[1]  Since 1995, there was no reform or any change in the state circuit court system that appoints state court judges.  Thus, it should not be a surprise the same type of corruption continues until today.  Here is a recent article on more state court judges, where Judge Cox comes from, describing how taking bribes, just like Judge Cox's clerk was taking, is typical.[2]

## ARGUMENT

**I.      Bankruptcy Judge Cox must be restricted from presiding over a proposed Motion for Sanctions involving the Respondent Richard Sharif and members of his family.**

**A.  <u>The Facts</u>**

As shown in Section II below, this case has a thirteen-year history where Richard Sharif and his family won several appeals in the District Court and the Seventh Circuit.  This case cannot be frivolous, as the Trustee Fox and Judge Cox contend, and last for this long and won appeals in the District Court and the Seventh Circuit.

---

[1] *United States v. Maloney*, 71 F.3d 645 (C.A.7 1995), cert. denied, 519 U.S. ----, 117 S.Ct. 295, 136 L.Ed.2d 214 (1996)
[2] https://chicago.suntimes.com/2020/9/11/21431547/ed-burke-michael-toomin-james-shapiro-investment-club-table-wisdom-margarita-kulys-hoffman

3

The reason Judge Cox should be restricted from presiding over the proposed Motion for Sanctions, **Exhibit C**, involving Richard Sharif and his family members is based on a clear conflict of interest, based on the lawsuit Richard Sharif was allowed to commence against Judge Cox, **Exhibit B**, as well as the history of this case as described in Section II below.  In addition, Judge Cox should be restricted from presiding over Motion for Sanction based on just the appearance of lack of impartiality.

Judge Cox and the Trustee Fox have an extensive history with Richard and his family as described in Section II below, but in this immediate situation Judge Cox is being sued by Richard Sharif as shown in **Exhibit B**.  Judge Cox has either sanctioned or threaten to sanction all of the Sharif family's attorneys since 2010.  Since 2009, Judge Cox has always ruled against Richard Sharif and his family members.  Judge Cox has previously sanctioned Richard Sharif and his two sisters, for which there is an appeal pending in the Seventh Circuit, *In re Sharifeh, et al., v. Fox Jr.,* Appeal No. 17-1615.  In fact, Judge Cox has been evading service of process of Richard Sharif's lawsuit against her *Sharif v. Cox, et al.,* Case No. 22-cv-03172, see **Exhibits A & B**. The process service company trying to serve Judge Cox has been unsuccessful.  When the company's agent went to serve Judge Cox in court, she had the US Marshalls throw out the process server outside the court building and prohibited him from coming back.  This does not instill public confidence in the court. **Exhibit E** is the process server's Affidavit of Non-Service describing the incident.

Now that most of the assets in the bankruptcy estate have been all taken by Trustee Fox and the family house sold, there is not much money left to take as a pretext for attorneys' fees. Trustee Fox has now threatened Richard Sharif and his two sisters that he will file the attached proposed Motion for Sanction, **Exhibit C**, before Judge Cox, where she can impose a judgement

4

for over $122,000.00 and hold Ragda in criminal contempt for taken this money from the bankruptcy estate in 2012, if Richard Sharif does not withdraw the lawsuit against Judge Cox, *Sharif v. Cox, et al.,* Case No. 22-cv-03172, see **Exhibits A & B**, and withdraw his lawsuit against Trustee Fox, *Sharif v. Fox Jr.,* Case No. 21-cv-05221,as well as withdrawing his sisters current appeals pending in the District Court, *Sharifeh v. Fox Jr.,* Case No 18-cv-08508, and the pending Seventh Circuit appeal, *In re: Sharifeh v. Fox Jr., et al.*, Appeal No. 17-1615.  See Richard Sharif's email **Exhibit D,** confirming Trustee Fox's threat.

Richard Sharif and his family have absolutely no doubt that Judge Cox will sanction them and hold them in criminal contempt, if Trustee Fox is allowed to file the proposed Motion for Sanctions, **Exhibit B**, and that appealing such a sanction order may be as futile as their appeal from her order to sell their family house.  Judge Cox has always ruled against them since 2009, despite being reversed by District Court Judge Dow Jr., see the September 28, 2017, Memorandum Opinion and Order (Case No. 10694, Doc. 58) and the Seventh Circuit, *Wellness Int'l, Network, Ltd. v. Sharif*, 727 F.3d 751, 782 (7th Cir. 2013), as shown in Section II below.

Although Richard Sharif is a layman, even if he and his sisters should be sanctioned, the fact that Trustee Fox and Judge Cox are threatening the Sharif family to drop their lawsuits against Trustee Fox and Judge Cox and withdraw their pending appeals, which were previously successful, constitutes blackmail or at the very least extortion.  However, the issue of whether to impose sanctions against Trustee Fox for such conduct will be left to this Committee to determine. Nonetheless, this act by Trustee Fox and Judge Cox is consistent with their conduct since the start of this case in 2009, when they seized the entire life savings of the Sharif family because Richard Sharif defaulted on the basis that his attorney failed to produce certain documents at a May 24, 2010, hearing before Judge Cox.

An accomplished author is currently working on a book to publish describing this unusual case that went to the Supreme Court and is still not near completion after 13 years. *In the matter of: Richard Sharif*, *Debtor*, Case No. 09-B-05868. The blatant gross injustice that Bankruptcy Judge Cox and Trustee Fox perpetrated against the Sharif family must be addressed by this Committee and this Court to maintain the public's perception of this Court's legitimacy.

It all comes down to this Committee and whether it will restrict Judge Cox from presiding over the proposed Motion for Sanctions, **Exhibit C**. Here is the law on the issue of judicial conflict, and required impartiality, that is required for this Committee to grant this Motion to Restrict.

**B.  The Law**

The relevant applicable statute is: 28 U.S.C. § 455(a) & (b), which deals not only with actual conflict of interest, where there is a lack of impartiality, but also with the appearance of a lack of impartiality. Section 455 not only may be invoked by motion, but also requires judges to recuse *sua sponte* where appropriate. Section 455(a) & (b) state:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

Judges should keep in mind that Sections 455(a) and (b) provide separate (though substantially overlapping) bases for recusal. The former deals exclusively with the appearance of partiality in any circumstance, whereas the latter pertains to conflicts of interest in specific instances. Thus, the existence of the facts listed in section 455(b) requires recusal, even if the judge believes they do not create an appearance of impropriety. *Liljeberg v. Health Servs. Acquisition*

*Corp.*, 486 U.S. 847, 860 n.8 (1988).  Any circumstance in which a judge's impartiality might reasonably be questioned, whether or not touched on in section 455(b), requires recusal under section 455(a). *Id*.  The standard for determining disqualification is "whether a reasonable person would be convinced the judge was biased." *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000) (citing *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)).

In this case, any reasonable person would view Judge Cox as lacking impartiality. Moreover, the Verified Complaint, **Exhibit B**, presents additional evidence of her bias, vindictive, malicious and illegitimate manner.  Regardless of whether a presiding judge believes she there is no conflict of interest, it simply cannot be denied that the *appearance* of a conflict of interest and lack of impartiality or where at the very least, "impartiality might reasonably be questioned" which invokes § 455(a).  Nonetheless, with respect to § 455(a), it would defy common sense and basic logic to believe that there will not be an actual conflict of interest with Judge Cox, much less an apparent one.

Richard Sharif and his family are simply seeking to litigate this action where there is a neutral decisionmaker.  No reasonable person will believe that Judge Cox can be a neutral decisionmaker. Particularly, given the allegations in the Verified Complaint concerning her wrongful conduct **<u>Exhibit B</u>**.  The U.S. Supreme Court said in *Hamdi v. Rumsfeld,* 542 U.S. 507, 532–33 (2004), that a party must be given:

> a fair opportunity to rebut the Government's factual assertions before a *neutral decisionmaker*. See *Cleveland Bd. of Ed. v. Loudermill*, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property `be preceded by notice and opportunity for hearing appropriate to the nature of the case'" (quoting *Mullane v. Central Hanover Bank Trust Co.*, 339 U.S. 306, 313(1950))); *Concrete Pipe Products of Col., Inc. v. Construction Laborers Pension Trust for Southern Cat*, 508 U.S. 602, 617 (1993) ("due process requires a `neutral and detached judge in the first instance'" (quoting *Ward v. Monroeville*, 409 U.S. 57, 61-62 (1972))).

7

Even if the Trustee Fox and Judge Cox can persuade this Court that there will be no actual bias or partiality, then the appearance of lack of impartiality or bias is sufficient to prohibit Judge Cox from presiding over the Sharif family.  In any circumstance in which a judge's impartiality might reasonably be questioned, whether it is actual or apparent, requires recusal under 28 U.S.C. § 455(a) or (b). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).  The standard for disqualification is "whether a reasonable person would be convinced the judge was biased." *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000) (citing *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)).  In this case, the decisionmaker, at the very least, cannot appear to be neutral because he has a law license that is regulated by the Defendants.

II.    **The <u>thirteen-year history</u> of this case and where Richard Sharif and his family won several appeals in the District Court and in the Seventh Circuit.**

In 2009, in a federal court action in Texas, Richard Sharif and four (4) doctors sued a large corporation, Wellness International Network ("Wellness"), where they lost the case and had a judgment for $600,000 against them all, jointly and severally.  The four doctors each paid  a little over $100,000, but Sharif did not have the money to pay because he was a pharmacist without such funds.  In 2009, Sharif made the biggest mistake of his life by filing a bankruptcy petition  in this Court, which was assigned to Bankruptcy Court Judge Cox.

In 2010, Wellness filed an adversary proceeding before Judge Cox claiming, *inter alia*, that Sharif mother's 1992 Trust, the Soad Wattar Revocable Living Trust, as Amended in 1996, was Sharif's trust via alter ego.  Coincidentally in 2005, in a marital action in the Illinois state  circuit court, before Judge Karen Shields, Sharif's prior ex-wife's counsel made the same allegation. However, Judge Shields found that the trust was not Sharif's alter ego in 2005.  In 2010, Sharif

and his family produced five (5) legal size boxes for Sharif's bankruptcy court counsel, William Stevens, with all the documents presented to Judge Shields for her when she found that the trust was not Sharif's alter ego. Also in the five boxes were all other trust documents from 2005 to 2010, which included tax returns, bank records and overwhelming evidence that Sharif's mother's trust, was a valid trust since 1992, and not Sharif's alter ego.

However, Sharif's counsel William Stevens failed to produce those five boxes of documents in the bankruptcy court case, and he testified under oath in a separate malpractice action that he gave the boxes to his paralegal who never delivered the boxes.  On May 24, 2010, bankruptcy court hearing where Sharif was not present, Judge Cox found Sharif in default for his counsel's failure to produce the five (5) boxes that he was given, and Judge Cox did not give Sharif a chance to produce them himself or to obtain another counsel to produce the requested documents. During the hearings before the bankruptcy court, in the May 24, 2010, which resulted in the default order, Stevens never stated that either Sharif or anyone failed to give him any documents (Doc. 198, Trial Tr. 1049:10-23, Case No. 15-cv-01405).  Attorney Stevens testified that Sharif and the others who had the documents were "**cooperative**." See *Stevens v. Sharif,* 1:15-cv-01405.

At Stevens' trial, *Stevens v. Sharif,* 1:15-cv-01405, testified that he received all the documents that were requested from Sharif.  Stevens was asked "did there come a time that you requested documents concerning the trust, the validity of the trust, from Richard Sharif? (Doc. 193, Stevens Trial Tr. 370:23-25).  Stevens' answer was: ". . ., yes."  (Doc. 193, Stevens Trial Tr. 371:3-9). On Page 1449 of the Trial Transcript Stevens testified, over his counsel's objection, that *Sharif was cooperative in providing documents requested by Stevens*.  (Doc 198, Stevens Trial Tr. 1449:6-25). Stevens' testimony was: "***That's my impression too, that Mr. Sharif was cooperating with me***."  Regardless of this fact, on July 26, 2010, Judge Cox entered an order on default that

9

Sharif mother's trust was his alter ego. Also, the alter-ego determination or adjudication was ON DEFAULT. All legal commentators who follow the development of alter-ego litigation have discarded the bankruptcy court alter-ego ruling in this case because it was not on the merits, **it was on default**.

Judge Cox's default order was appealed to the District Court and then the Seventh Circuit where the court found that Judge Cox did not have subject matter jurisdiction to enter the default judgement pursuant to the *Stern v. Marshall* case. It vacated the default order that Judge Cox entered, *Wellness Int'l, Network, Ltd. v. Sharif*, 727 F.3d 751, 782 (7th Cir. 2013). However, the case reached the U.S. Supreme Court where the Court reversed the Seventh Circuit *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015), and the default judgment was reinstated in 2015 *Wellness Int'l Network, Ltd. v. Sharif*, 617 Fed. App'x 589, 590 (7th Cir. 2015).

Sharif subsequently discovered that the bankruptcy trustee on his case, Trustee Fox, was a close friend and ally of Judge Cox for over 20 years in the cook circuit court. In 2004, Cox's clerk, which Cox approved of to hire and was a close friend and ally with Judge Cox was arrested and convicted of taking bribes, just like the judges in the state court system where Cox comes from. Judge Cox's clerk is currently still in federal prison. The U.S attorney was unable to find evidence beyond a *reasonable doubt* to show that Judge Cox conspired with her clerk or received any cash money. Nonetheless, Judge Cox learned how to use her judicial discretion to enrich her Bankruptcy Trustee friends, like Trustee Fox in this case, with whom she conspired with against Sharif.

Sharif's mother died in March 2010, and his sister Haifa Sharifeh, who lives in Virginia, is the Executrix of Sharif mother's Estate, which includes the Trust at issue. There is no dispute that Sharif's sister was ever served with process, but on August 5, 2010, Judge Cox ordered Fox

10

to seize all of Sharif mother's assets that were approximately two (2) million dollars, including the proceeds from Sharif mother's life insurance policy that belonged to his sisters. Trustee Fox wrongfully seized Sharif mother's life insurance proceeds even though it was not part of the Soad Wattar Revocable Living Trust, which is a Trust that was established in 1992.  Nonetheless, the Trustee Fox could have used the $650,000.00 in the life insurance proceeds to pay off the mortgage, but refused to do so. Instead, Fox consumed the $650,000 to enrich himself and to pay his legal fees, along with his two attorneys' legal fees.

Not only was the life insurance proceeds not part of the bankruptcy estate, but even if it was, then prior to 2012, the Illinois statute 735 ILCS 5/12-1001(f), exempted life insurance proceeds from a bankruptcy estate, and this Illinois statute that was valid up to 2012, which exempted life insurance proceeds from being seized by creditors.  See Illinois Insurance Code, at 215 ILCS 5/238(a).  These statutes were presented to Judge Cox and the Trustee Fox, as a basis to return the money from the bankruptcy estate, but they completely ignored them and did not address them.

The Trustee Fox admitted to Sharif's counsel, William Stevens, that he should not have seized the life insurance money, but did so because he assumed that the life insurance proceeds were a part of the Trust.  Thereafter, the Trustee Fox started to pressure the Sharif and his family to settle the matter, accept their losses and the corruption by Fox and Judge Cox.  They did so by intentional conduct to force a settlement, which resulted in: 1) not paying the house mortgage and expenses for the first five years of the establishment of the bankruptcy estate, from 2010 to 2015, 2) failing to rent the house or payoff the mortgage and 3) keeping Luma, a non-creditor, residing in Sharif's family house for free, until the Sharif family settles for the unjust loss of 90% of the family's life savings.

11

Judge Cox and the Trustee Fox not only attacked Sharif, but also devastated his family with their corrupt actions. They have stolen over 90% of the Sharif family's life savings. Saving that was desperately needed to escape the war in Syria. Currently, some of Sharif's family members remain living in poverty in Turkey and Jordan's refugee camps, as a result of this corruption.

The Trustee Fox is aware of how valuable Sharif's family house in South Barrington is to them, from the fact that Sharif's sister Ragda paid over $400,000 in mortgage payments, tax, insurance, maintenance from August 2010 to November 2015. When finally, Fox agreed to start paying the mortgage due to the fact that Ragda no longer had the money to pay, and the Trustee Fox sought to prevent foreclosure. Thus, the Trustee gained over $400,000 more in the bankruptcy estate to syphon more attorney's fees. Ragda has a lien of $459,000 on the house that is currently pending in the Seventh Circuit, but Judge Cox cleared the lien this month to sell the house before the Seventh Circuit has ruled. This was one of the bases for the Notice of Objection to the sale of the house. Now Trustee Fox wants to sanction the Sharif family for filing the Notice of Objections and appealing the sale of their house, see **Exhibit C**.

On September 12, 2015, the Estate of Soad Wattar, where Sharif's sister Haifa Sharifeh is the Executrix ("Haifa"), filed a Motion to Vacate an August 5, 2010, default/turnover order that seized its property, namely the Soad Wattar Revocable Living Trust, (Case 2009-B-05868, Doc. 194), on the basis that the bankruptcy court lacked personal jurisdiction because neither Haifa nor the Estate of Soad Water were ever served with process. Sharif's sister Haifa's Motion to Vacate the default order was denied and an appeal from the denial was eventually granted by District Court Judge Robert M. Dow Jr.

While an appeal was pending, Sharif's sisters Ragda and Haifa filed two motions, one to recoup the $400,000 that Ragda paid for mortgage payments from August 2010 to November 2015, to prevent loss of family house in South Barrington, Illinois, Ragda's furniture and belongings in the house and the life insurance proceeds that were not part of the trust. Judge Cox denied the two motions and imposed sanctions against Sharif's two sisters and their counsel, and the case is now pending on appeal in the Seventh Circuit, Appeal No. 17-1615, and which is suspended pending the results in the appeal before Judge Pacold, the #18 case listed above: 1:18-cv-08508 *Sharifeh et al v. Fox Jr.* The Seventh Circuit pending appeal does not involve the Sharif, it involves the creditors Haifa Sharifeh, in her capacity as Executrix of the Estate of Soad Wattar, and her sister Ragda Sharifeh, as the trustee of the Soad Wattar Revocable Living Trust. This month, the Seventh Circuit has requested a briefing on this appeal, even though Judge Pacold still has not ruled on the appeal before her.

Judge Robert M. Dow Jr.'s September 28, 2017, Memorandum Opinion and Order (Case No. 10694, Doc. 58) remanded Sharif's sister Haifa's case to Judge Cox for a trial. After the remand trial was completed an Order Disposing of Remanded Issues was entered by Judge Cox, (Case 2009-B-05868, Doc. 520) on December 21, 2018.

However, on June 19, 2019, Judge Cox *sua sponte* entered the Amended Order Disposing of Remanded Issues (Case 2009-B-05868, Doc. 566), from which the original order appeal was pending before the District Court, Case No. 2018-cv-08508, which is #18 on the above list. Since Judge Cox did not have jurisdiction to amend the order while it was pending on appeal, Judge Dow Jr. remanded the case a second time for the sole purpose of giving Judge Cox jurisdiction to enter her amended order. This is just one of many incidents of Judge Cox's gross incompetence and an effort to coverup what she has done to the Sharif family.

13

Richard Sharif has been observing Judge Cox's courtroom behavior on numerous occasions from the start of his case on February 9, 2009, to the present time.  On each and every day that Sharif observed Cox, he heard her mentions the word "sanctions" more than twice each day against attorneys and people who disagreed with her.  Sharif observed Cox to be consistently rude and obnoxious to all litigants and attorneys she did not like.   Sharif observed Cox to constantly threaten parties and attorneys.  He observed Cox to consistently favoring bankruptcy court trustees, Assistant U.S. bankruptcy court attorneys and certain attorney friends who she has political affiliations with from the circuit court.

Sharif, in his capacity as a pharmacist and with knowledge of those suffering from mental illness who receive medication from him, observed Cox to be a classic sociopath, who is "a person with a personality disorder manifesting itself in extreme antisocial attitudes and behavior and a lack of conscience."  This is why she was able to take millions of dollars from the Sharif's family's life savings, as well as unjustly seizing money from many others that came before her, that Sharif observed.  Sharif observed that the same way Cox entered a default order against him, she did the same in another case in 2018, and up information and belief there are more cases where she benefited her friends and allies via unjust judicial actions.

Trustee Fox revealed that he seeks to continue to syphon more money from the bankruptcy estate when he said to Judge Pacold in open court, during the first hearing in the case listed above as #18 and on the record: "**no matter how you [Judge Pacold] rule," the Trustee will appeal your decision to the Seventh Circuit (or words to that effect).**  This shows the mindset of Trustee Fox and how they have been functioning to steal Sharif family's money for the last decade in this matter.

14

Trustee Fox knows why Judge Robert M. Dow Jr.'s September 28, 2017, Memorandum Opinion and Order (Case No. 17-cv-10694, which case #16 listed above), granted Haifa her appeal and for the same reason, which is that the bankruptcy court never had personal jurisdiction over Haifa. For this reason, Trustee Fox has threatened to have Ragda held in criminal contempt and to file a sanction Motion against the Sharif family, **Exhibit C,** where he is guaranteed it will be granted.

Trustee Fox's blatant disrespect to the District Court and the rule of law show how he can seize Debtor's mother life insurance proceed, which was not part of the trust and was designated for her daughters, without any concern.  The Trustee's collusion with judge Cox, to illegally seize the Sharif family's life saving, life insurance proceeds, has caused him to pressure the Sharif family to give up seeking justice in order to coverup their corruption with the threat to sell their family house.  The sale of the Sharif family's house was irreparable harm that should never be allow.

**WHEREFORE,** on the basis of the foregoing, and the attached **Exhibits A-E**, Respondent Richard Sharif, requests that an order be entered restricting Judge Cox from presiding over the proposed Motion for Sanctions, **Exhibit C**, together with a Rule to Show Cause against the Trustee Fox, together with such other relief this Committee deems just.

Respectfully submitted,

*/s/Richard Sharif*
2004 N Pulaski Road
Chicago, IL 60639
1-773-456-1531
rasheedsharif@hotmail.com

### Certificate of Service

I, Richard Sharif, under penalties of perjury and as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), certify that on August 22, 2022, this Motion was

served by email on all counsels of record, as shown below, and by electronic means via the Court's
CM/ECF system.

**To**:
US District Court Executive Committee
US District Courthouse
219 S. Dearborn Street
Chicago, IL 60604
Email: annette_panter@ilnd.uscourts.gov

Horace Fox Jr., Bankruptcy Trustee
horacefoxjunior@gmail.com

Bruce de'Medici
834 Forest Avenue
Oak Park, IL 60302
312-731-6778
bdemedici@gmail.com

Bradley Block
Law Offices of Bradley Block
318 West Adams Street, 17th Floor
Chicago, IL 60606
224-533-1075
224-533-1076 (fax)
Brad.block@bradblocklaw.com

Judge Jacqueline Cox
US District Courthouse
219 S Dearborn Street
Chicago, IL 60604

*/s/Richard Sharif*

## <u>Exhibit A</u>

## Executive Committee Order Allowing Lawsuit Against Judge Cox

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In The Matter of             )
                           )    Civil Action No.
     Richard Sharif         )    22 C 1950
                           )

## EXECUTIVE COMMITTEE ORDER

Richard Sharif is a restricted filer in this Court (s*ee* 22 cv 1950, #1). On May 25, 2022, Richard Sharif submitted a new complaint to be reviewed by the Executive Committee (see 22 cv 1950, #6).   On June 14, 2022, the Executive Committee reviewed the submission pursuant to Order #1.  Therefore,

IT IS HEREBY ORDERED that Richard Sharif is allowed to file submission #6.

IT IS FURTHER ORDERED That the Clerk of Court is directed to open a new case 22 cv 3172, *Richard Sharif v. Jacqueline Cox et al* and directly assign the case to Judge Sara Ellis with Magistrate Judge M. David Weisman designated, pursuant to Local Rule 40.3 (b)(2).

IT IS FURTHER ORDERED That pursuant to Local Rule 3.3, Richard Sharif must file the required filing fee or submit a completed In Forma Pauperis Application and Financial Affidavit within 15 days in case 22 cv 3172.  Pursuant to LR 3.3(f), failure to comply with this order may result in sanctions, including dismissal of the action by the assigned judge.

IT IS FURTHER ORDERED That consistent with the Court's prior order, the Clerk shall cause a copy of this Order to be docketed in this case and in 22 cv 3172 along with submission #6 with an orginial filing date of May 25, 2022, the date submission #6 was originally received.

IT IS FURTHER ORDERED That the Clerk shall cause a copy of this order to be mailed to Richard Sharif, 2004 North Pulaski Road Chicago, IL 60639 the address provided in his filings with this Court.  Such mailing shall be by certified or registered mail, return receipt requested.

**ENTER:**

**FOR THE EXECUTIVE COMMITTEE**

Hon. Rebecca R. Pallmeyer, Chief Judge

Dated at Chicago, Illinois this 16th day of June, 2022.

## <u>Exhibit B</u>

## Verified Complaint Against Judge Cox

**FILED**

7/12/2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**RECEIVED**

5/25/2022

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

SM

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

RICHARD SHARIF,                        )
                                       )
    Plaintiff,                         )
                                       )
v.                                     )
                                       )
JACQUELINE COX, individually and       )
official capacity, COLLINS T.          )
FITZPATRICK, individually and as       )
President of the Circuit Executive Judicial )
Council of the Seventh Circuit, and the )
CIRCUIT EXECUTIVE JUDICIAL             )
COUNCIL OF THE SEVENTH CIRCUIT,        )
                                       )
    Defendants.                        )

**22CV3172**

JUDGE ELLIS
MAGISTRATE JUDGE WEISMAN

Case No.

Judge: _____

### VERIFIED COMPLAINT

NOW COMES the Plaintiff, Richard Sharif, *pro se* ("Sharif") who brings this action against the Defendants JACQUELINE COX ("Cox"), a bankruptcy judge in the Northern District of Illinois, in her individual and official capacity, COLLINS T. FITZPATRICK, Chair of the Circuit Executive Judicial Council of the Seventh Circuit, ("Fitzpatrick"), in her individual and official capacity, and the CIRCUIT EXECUTIVE JUDICIAL COUNCIL OF THE SEVENTH CIRCUIT, ("the Council"), on the basis of the causes of action pleaded below.

### NATURE OF THE ACTION

1. The main cause in this action is that Defendant Fitzpatrick, chair of the Circuit Executive Judicial Council of the Seventh Circuit and the Counsel itself, hired and rehired Defendant Cox, despite overwhelming objections from evaluations of attorneys who practiced before Cox, revealing both Cox's incompetence and mental disorder, and despite Cox's clerk being convicted of taking bribes and currently in jail, and despite Cox showing observable and obvious sociopathic

1

behavior and personality disorders, resulting in the deprivation of Plaintiff's procedural and substantive due process, as well as violating the RICO statute and constituting a *Bivens* claim.

2. Plaintiff Sharif has been a debtor in a pending 2009 bankruptcy case where Defendant Cox has been the presiding judge. Sharif, a pharmacist, was found by Cox to be the owner of his mother's trust, the Soad Wattar Revocable Living Trust, via alter ego BY DEFAULT because his counsel failed to tender five boxes of discovery material that Sharif provided to his bankruptcy counsel William Stevens. Stevens in 2010 did not state that his client failed to provide any of the requested discovery documents, but rather than sanction counsel Stevens, Defendant Cox found Sharif as owning his mother's trust by default, without giving Sharif an opportunity to either obtain new counsel or produce the five boxes of discovery that he provided to his counsel Stevens.

3. Consequently, Sharif's family lost over two (2) millions of dollars and the bankruptcy trustee, Fox, a good and close friend to Cox, has been syphoning money from the trust since 2009. Fox also wrongfully seized without any factual or legal justification over $600,000.00 of Soad Wattar's life insurance money that was not part of the trust and was designated to be given to the daughters of Soad Wattar. Fox not only breached his fiduciary duty to Sharif, but also conspired with Cox to seize the trust and life insurance proceeds.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action, under federal question jurisdiction, 28 U.S.C. §§ 1331, 1343(a)(3) & (4), a *Bivens* claim against Defendants Cox and Fitzpatrick, and the civil RICO statute: 18 U.S.C. § 1962© against Defendants Cox and Fox. Venue is based on the location of all parties and the events that gave rise to the claims in this action, which is the Illinois Northern District, under 28 U.S.C. § 1391(b)(1)-(2).

## THE PARTIES

2

5.  Plaintiff, Richard Sharif, is a Debtor in the related pending bankruptcy case, *In re: Richard Sharif,* Case No. 09-B-05868.

6.  Defendant Jacqueline Cox, a bankruptcy court judge, Northern District of Illinois, U.S. Courthouse 219 South Dearborn Street Chicago, Illinois 60604.

7.  Defendant CIRCUIT EXECUTIVE JUDICIAL COUNCIL OF THE SEVENTH CIRCUIT, Room 2780, U.S. Courthouse 219 South Dearborn Street Chicago, Illinois 60604.

8.  Defendant Collins T. Fitzpatrick, Chair of the Circuit Executive Judicial Council of Seventh Circuit, Room 2780, U.S. Courthouse 219 South Dearborn Street Chicago, Illinois 60604.

## STATEMENT OF FACTS

9.  Plaintiff Richard Sharif ("Sharif") is a Debtor in U.S. Bankruptcy Court for the Northern District of Illinois, who filed his Bankruptcy Petition on February 9, 2009, Case No. 09-05868, which is still pending before the Bankruptcy Court Judge, Defendant Cox, and is currently on appeal from a remand trial in the District Court before Judge Pacold, *Sharifeh v. Fox jr.,* Case No. 18-cv-8508.

10.  Sharif's Chapter 7 no-assets Bankruptcy Petition disclosed that he was an employee of his sister owned pharmacy, Sharif Pharmacy, since 1995 and remains in that status at present.

11.  Sharif never owned any real property since 1985, due to multiple divorces and his business failures.

12. Horace Fox, Jr., ("Fox") was appointed as Trustee for the Sharif bankruptcy estate.  He had a fiduciary duty to the Debtor Sharif and the creditors to diligently represent the bankruptcy estate truthfully and honestly.

### A.  Sharif's Mother's Trust

3

13.  In 1992, Sharif was appointed Trustee of the Soad Wattar Revocable Living Trust, his mother's trust.

14.  On July 27, 2007, two years before filing bankruptcy, Sharif's mother, Soad Wattar, the grantor and settlor of the Soad Wattar Revocable Living Trust, revoked Sharif's appointment as Trustee and appointed her daughter, Ragda Sharifeh, as successor Trustee who remains in that position to this day.  Sharif was no longer the trustee nor the beneficiary of the Trust as of 2007.

**B. The Default Order**

15.  On August 5, 2010, Cox held Sharif to be the owner of his mother's trust, the Soad Wattar Revocable Living Trust, via alter ego BY DEFAULT because Sharif's bankruptcy court counsel William Stevens ("Stevens") failed to tender five boxes of discovery material that Sharif had provided to his counsel Stevens.

16.  In 2010, in the subject bankruptcy case, Stevens was required to produce documents showing that the Soad Wattar Revocable Living Trust was not Richard Sharif's alter ego.  On a certain day in February 2010, agents of Soad Wattar, which include Rosee Torres, Abeer Zaghmmoury, Richard Sharif and Stevens' paralegal, Edward Bontkowski, prepared five boxes of documents for Stevens to produce in the bankruptcy court.

17.  Stevens admits to this fact and admits to taking possession of these boxes with his paralegal Bontkowski but failed to tender the boxes to counsel in an adversary proceeding.

18.  Stevens also admits that his paralegal Edward Bontkowski was a convicted felon at the time Stevens gave the five boxes to Bontkowski to deliver to counsel.

19.  Thereafter, the FBI charged Edward Bontkowski with extortion against Sharif and his family.

20.  Thereafter, Mr. Bontkowski committed suicide rather than go back to jail.

21.  In fact, Sharif was to produce for Cox were the same documents that were used in a prior divorce action where Richard Sharif's former wife made the same allegation of alter ego against him.

22.  In that action, the divorce judge, Karen Shields found, after review all said documents, that Soad Wattar Living Trust was not the alter ego of Sharif.

23.  Moreover, during the December 9, 2016, deposition of Stevens, he testified that out of the five boxes of documents, Stevens only gave 150 pages to the bankruptcy trustee's counsel and none to the creditor in the adversary proceeding.

24.  Stevens's failure to submit these documents to the counsel in the adversary proceeding resulted in a default judgment, where Cox entered an order declaring that the Trust was Richard Sharif's alter ego on the basis of Stevens failure to provide the requested documents.

25.  Stevens in 2010 did not state that his client Sharif failed to provide any of the requested discovery documents.

26.  Rather than sanction counsel Stevens, Cox found Sharif was the owner of his mother's trust by default, without giving Sharif an opportunity to either obtain new counsel or produce the five boxes of discovery that he provided to his counsel Stevens and his paralegal Bontkowski.

27.  Cox made this ruling to financially benefit the bankruptcy trustee, Defendant Fox, so that he can syphon off money from the trust through attorney's fees.

28.  Consequently, Sharif's family lost millions of dollars and the bankruptcy trustee, Fox, a good and close friend to Cox, has been syphoning money from the trust ever since 2010.

29.  Fox in conspiracy with Cox wrongfully seized without any factual or legal justification over $600,000.00 of Soad Wattar's life insurance money that was not part of the trust and was designated to be given to the daughters of Soad Wattar.

5

30.  Fox not only breached his fiduciary duty to Sharif, but also conspired with Cox to seize over $600,000 of statutorily exempt life insurance proceeds from Hartford Insurance  Company.

31.  Fox and Cox knew or should have known that the insurance proceeds were not a part of Sharif's bankruptcy estate because up to 2012, by state statute, life insurance proceed were longer exempt from bankruptcy estates, pursuant to, ILCS 215-5/238; 735-5/12-1001(f), but in 2010, when Fox seized the proceeds they were exempt. *Petroleum v. Fisher,* 298 Ill. App. 3d 1007, 1011(1st Dist., 1998).

32.  Defendant Fox and Cox wrongfully got involved in Sharif's divorce proceeding in the Circuit Court of Cook County on July 14, 2016, to syphon more money via attorney's fees, re *Hambaroush-Sharif v. Sharif,* No. 16 D 6459.

33.  Fox and Cox conspired with Sharif's estranged wife, Luma, to allow her to stay in a house in South Barrington, which is part of the trust, in exchange for her false testimony in the remanded hearing.

34.  Fox, Cox and Luma knew from the rule of the marital judge, Thomas Kelly, that the house was not a marital asset, and informed Luma to seek alternative housing which she agreed, but Fox, conspired with Cox, who left the decision up to Fox to decide whether Luma should stay in the house and in exchange for her cooperation to testify in a remand hearing against Sharif's sister Haifa, who is the Executrix of the Estate of Soad Wattar.

35.  Luma has now been in the house, rent-free, for over five years.  This depleted the trust from the benefits of collecting rent income.  Luma should have been paying Fox for the past three and a half years now, $6500.00 rent per month. In furtherance of the conspiracy, Fox and Cox allowed Luma to stay in the house even though she was not a creditor, and the house was not a marital asset.

36. Defendant Fox and Cox intentionally failed to pay the mortgage payments, property tax, house insurance from September 2010 to November 2015. Only when Fox was threatened to be sued did he commence payments.

37. Sharif's bankruptcy case's main ruling, a finding that his trust was the Debtor's alter ego *by default*, was reversed by the Seventh Circuit and then the US Supreme Court reversed the Seventh Circuit. This case was pending on appeal for almost five years where the US Supreme Court reversed the Seventh Circuit in a landmark precedent concerning jurisdiction over state court causes of action in the bankruptcy courts. *Wellness International Network, Ltd. V. Sharif*, 135 S.Ct. 1932 (2015).

38. In furtherance of the conspiracy, Cox sanctioned Sharif, fined him $20,000 plus attorney's fees and restricted his ability to file lawsuit related to this case, without her permission first. Since this Complaint is against Cox, it would be a conflict of interest to seek leave from her. Thus, a motion seeking leave to file this Complaint is attached below.

### C. Haifa's Motion to Vacate Default

39. Sharif's sister, and Executrix of the Soad Wattar's Estate, Haifa Sharifeh, ("Haifa") retained an attorney, Maurice Salem, who first appeared in court on this case on September 13, 2015, and he filed a motion to vacate the August 5, 2010, default order because his client Haifa was not served with process and the court lacked personal jurisdiction (Dkt. 194, Case No. 09-B-05868).

40. Cox denied the motion to vacate and Haifa's appeal from that order was granted.

### D. Appeal of Cox Order Denying Motion to Vacate

41. Judge Robert M. Dow Jr.'s September 28, 2017, Memorandum Opinion and Order (Case No. 10694, Doc. 58) granted Haifa's appeal from Cox's order denying her motion to vacate the